UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JEREMY A. CROZIER,           )
                             )
        Plaintiff,           )      3:09-cv-00694-LRH-RAM
                             )
vs.                          )
                             )      **ORDER**
ADAM ENDEL, *et al.*,        )
                             )
        Defendants.          )
_____/

This is a *pro se* prisoner civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff's application to proceed *in forma pauperis* has been granted. (Docket #4). The Court now reviews the complaint.

**I.  Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are

2

well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.  Complaint in the Instant Case**

Plaintiff brings action against the following defendants: Parole Commissioner Adam Endel, Nevada Attorney General Catherine Cortez-Masto, Correctional Caseworker Claude Willis, Correctional Caseworker David Fierro, Associate Warden Debra Brooks, Warden Dwight Nevins, Warden E.K. McDaniel, NDOC Director Howard Skolnik, NDOC Deputy Director James Cox, Correctional Officer James Scally, Inspector General Agent Jerry Thompson, Governor Jim Gibbons, Associate Warden Jim Henson, Correctional Caseworker Garcia, Correctional Caseworker Gerke, Correctional Officer Ashcraft, Correctional Caseworker Church, Correctional Caseworker Daniels, Correctional Officer Gentry, Correctional Caseworker Herdon, Investigator Whitmoore, Correctional Officer Jose Contreras, Associate Warden Juan Baca, Nurse Marie Obradue, Correctional Caseworker Mark Drain, Correctional Caseworker Michael Oxborrow, Inspector General Patrick Conmay, Associate Warden Renee Baker, Administrator Rex Reed, Correctional Officer Richard Liverani, Correctional Caseworker Robert Chambliss, Secretary of State Ross Miller, Correctional Caseworker Silvia Irvin, Correctional Caseworker Steven Lathrop, and Doe defendants. Plaintiff seeks declaratory, injunctive, and monetary relief.

**A.  Count I**

Plaintiff alleges violations of his right to due process, right against cruel and unusual punishment, and right to equal protection.

3

**1. Cruel and Unusual Punishment**

**a. Deliberate Indifference to Safety**

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Id*.; *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, (9th Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id*. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 835.

In the instant case, plaintiff alleges that he was incorrectly designated as a sex offender in 2005, making him the target of attack by the Aryan Warrior prison gang. Plaintiff sought protective housing, but his request was denied by defendants Willis, Gerke, Church, Nevins, Gentry, and Reed. Plaintiff was transferred from High Desert State Prison to Lovelock Correctional Center in April 2006. Plaintiff was then transferred to Ely State Prison, in October 2006, due to an unrelated incident. Plaintiff alleges that Ely State Prison housed more than 100 Aryan Warrior gang-related prisoners.

On arrival at Ely State Prison, plaintiff had a classification hearing at which he stated that Aryan Warrior inmates were his enemies. Plaintiff alleges that defendants Mark Drain and Jerry Thompson failed to list Aryan Warrior inmates as his enemies and failed to place him in protective

4

1  custody. Plaintiff alleges that, at a classification hearing in December 2007, he told defendants Irvin
2  and Endel that the Aryan Warrior inmates continued to threaten his life at Ely State Prison. Plaintiff
3  alleges that defendants Irvin and Endel told him that all of the Aryan Warrior inmates at High Desert
4  State Prison had been transferred to other prisons, and they initiated plaintiff's transfer back to High
5  Desert State Prison, despite plaintiff's objections.

6  Plaintiff arrived at High Desert State Prison on January 9, 2008. Plaintiff alleges that, on
7  arrival to High Desert State Prison, he told defendant Daniels and several John Doe defendants that
8  he had Aryan Warrior enemies within the prison. Plaintiff was placed in general population at High
9  Desert State Prison. Plaintiff informed defendant Fierro of his enemy situation and requested
10 placement in protective segregation, but his request was denied. Plaintiff alleges that he also
11 informed defendants Endel, Willis, Brooks, Nevins, McDaniel, Thompson, Henson, Ashcraft,
12 Garcia, Gerke, Church, Daniels, Gentry, Herdon, Whitmoore, Baca, Drain, Oxborrow, and Irvin of
13 his need for protective segregation, but they did nothing to ensure plaintiff's protection.

14 Plaintiff alleges that despite warning defendants that members and associates of the Aryan
15 Warrior gang were his enemies and had threatened him, defendants refused to note the enemy
16 situation in his file and provide plaintiff with protection against the gang. Plaintiff was assigned to a
17 cell with inmate Brian Owens, who was an associate of the Aryan Warrior gang. Plaintiff alleges
18 that on July 6, 2009, he was physically assaulted ("strangled, beaten, and cut") by one or more
19 members or associates of the Aryan Warrior gang, including plaintiff's cell mate Brian Owens.

20 Plaintiff has alleged that he informed defendants that his safety was at risk by members of
21 the Aryan Warrior gang, yet defendants failed to list this group on plaintiff's enemy list and failed to
22 provide him with protective housing. Plaintiff alleges that, as a result, he was attacked by Aryan
23 Warrior inmates and/or their associates. Plaintiff has alleged sufficient facts to state a claim against
24 defendants for deliberate indifference to the risk of serious physical harm from attack by other
25 inmates. The deliberate indifference claim may proceed against defendants Willis, Gerke, Church,
26 Nevins, Gentry, Daniels, Reed, Drain, Thompson, Fierro, Endel, Brooks, McDaniel, Henson,
27 Ashcraft, Garcia, Herdon, Whitmoore, Baca, Oxborrow, and Irvin.
28 ///

### b. Denial of Medical Care

Plaintiff alleges that following the attack on him by Aryan Warrior gang inmates, he did not receive adequate medical care for his injuries.

A prisoner's claim of inadequate medical needs does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. *Farmer v. Brennan*, 511 U.S. at 837. A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." *Id.* In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980), *citing Estelle*, 429 U.S. at 105-06.

Plaintiff alleges that following the attack on July 6, 2009, he was found at approximately 1:30 a.m. on July 7, 2009, by defendant Contreras and other correctional officers. Plaintiff was handcuffed and was told by defendant Scally to wash blood off his face and neck, and to change into a new shirt. Plaintiff was taken to the "operations" building, at which point plaintiff alleges to have sat on a bench and passed out. Defendant Scally and other correctional staff woke him and yelled at him for sleeping. Plaintiff alleges that he continued to drift in and out of consciousness. Plaintiff was taken to a segregated housing unit. Plaintiff alleges that he made many complaints about his injuries and requested medical attention from defendant Scally and others, but received no medical care. Plaintiff also alleges that he was escorted to a medical area by 6:00 a.m. that day. Plaintiff has failed to state a cognizable claim for denial of medical care. Plaintiff alleges, at most, a delay of a few hours in receiving medical attention for his injuries following the altercation with other inmates.

6

1 Plaintiff fails to state a claim for deliberate indifference to medical needs in Count I of the
2 complaint, and this claim is dismissed with prejudice.

### 2. Due Process

Plaintiff alleges that, at various points, defendants failed to investigate his complaints of having enemies and failed to properly investigate the incident during which he was attacked by other inmates on July 6, 2009. Plaintiff claims that the investigations were not reasonable or timely, and that he was not given notice or time to prepare for the investigations. Plaintiff asserts that this violated his due process rights.

In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. *Id*. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. at 484.

A prisoner has a liberty interest when confinement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87.

In Count I of the complaint, plaintiff has not alleged that he was the subject of disciplinary charges. Plaintiff has not alleged that, as the result of any disciplinary hearing, he was subjected to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *See Sandin*, 515 U.S. at 484. Rather, plaintiff alleges that prison officials did not investigate properly

7

1  into his allegations of enemy situations.  Such allegations were addressed earlier in this order, under
2  plaintiff's Eighth Amendment claim for deliberate indifference to his safety.  Plaintiff fails to state a
3  cognizable claim for a due process violation.  Because amendment would be futile, the due process
4  claim in Count I is dismissed with prejudice.

### 3. Equal Protection

Plaintiff contends that he was denied equal protection.  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Turner v. Safley*, 482 U.S. 78, 84 (1987); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (per curium).  To state a claim for a violation of the Equal Protection Clause, the prisoner must allege evidence of discriminatory intent.  *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *see also Serrano*, 345 F.3d at 1082.

In the instant case, plaintiff complains of defendants failing to protect him from harm by other inmates and receiving inadequate medical care.  Plaintiff fails to state a claim against any defendant for a denial of equal protection.  Plaintiff has alleged no facts to indicate that defendants acted with discriminatory intent, or treated him differently than some other class of inmates.  Plaintiff fails to state a claim for an equal protection violation, and amendment would be futile.  As such, the equal protection claim in Count I is dismissed with prejudice.

### B. Count II

Plaintiff alleges violations of his right to due process, right against cruel and unusual punishment, and right to equal protection.

### 1. Deliberate Indifference to Medical Needs

Plaintiff alleges that his Eighth Amendment right against cruel and unusual punishment was violated because he did not receive adequate medical care at High Desert State Prison.  Plaintiff makes many broad statements that High Desert State Prison lacks basic elements of an adequate prison health care system.  Plaintiff specifically alleges that after being attacked by other inmates on July 6, 2009, he was not offered adequate medical services.  Plaintiff alleges that he was taken to the prison's infirmary and defendant Marie Obradue was on duty.  Plaintiff alleges that defendant Scally

8

and Contreras told defendant Obradue that plaintiff started a fight and was hit in the face with a soccer ball. Plaintiff alleges that defendant Obradue falsified medical records concerning dates, times, events, and incidents. Plaintiff asserts that defendant Obradue failed to perform a medical examination of him and refused to listen to him. Plaintiff asserts that defendant Obradue described the cut on his neck as mere scratches, and refused to believe him when he told her that he was stabbed. Defendant Obradue released plaintiff from the infirmary as refusing medical treatment.

Plaintiff contends that he lost his sense of taste and smell, has difficulty functioning, had pain in his chest and back, experienced mental anguish, neck pain, memory loss, and slurred speech. Plaintiff alleges that defendants Obradue, Scally, and Contreras ignored his obvious injuries and symptoms, and failed to provide treatment. Assuming the truth of the allegations in the complaint, plaintiff states a cognizable claim for deliberate indifference against defendants Obradue, Scally, and Contreras. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Plaintiff's Eighth Amendment deliberate indifference to medical needs claim may proceed against defendants Obradue, Scally, and Contreras.

**2. Equal Protection**

Plaintiff contends that he was denied equal protection. "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Turner v. Safley*, 482 U.S. 78, 84 (1987); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (per curium). To state a claim for a violation of the Equal Protection Clause, the prisoner must allege evidence of discriminatory intent. *See Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *see also Serrano*, 345 F.3d at 1082.

In the instant case, plaintiff complains about receiving inadequate medical care. Plaintiff fails to state a claim against any defendant for a denial of equal protection. Plaintiff has alleged no facts to indicate that defendants acted with discriminatory intent, or treated him differently than some other class of inmates. Plaintiff fails to state a claim for an equal protection violation, and amendment would be futile. As such, the equal protection claim is dismissed with prejudice.

///

### 3. Due Process

Plaintiff appears to allege a denial of substantive due process. "[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations and internal quotations omitted), *overruled in part on other grounds as recognized by Nitco Holding Corp. v. Boujikian*, 491 F.3d 1086 (9th Cir. 2007). Plaintiff's allegations concern a denial of adequate medical treatment. These allegations were discussed in the context of Eighth Amendment jurisprudence, earlier in this order. As such, plaintiff's claim of a denial of substantive due process is dismissed with prejudice.

### C. Count III

Plaintiff alleges violations of the right to equal protection, right to due process, and First Amendment right to access the courts.

#### 1. Due Process Claim

##### a. Disciplinary Proceedings

Plaintiff alleges that he was denied due process with regard to disciplinary proceedings. A prisoner has a liberty interest when confinement imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. In *Sandin*, the Court focused on three factors in determining that plaintiff possessed no liberty interest in avoiding disciplinary segregation: (1) disciplinary segregation was essentially the same as discretionary forms of segregation; (2) a comparison between the plaintiff's confinement and conditions in the general population showed that the plaintiff suffered no "major disruption in his environment;" and (3) the length of the plaintiff's sentence was not affected. *Sandin*, 515 U.S. at 486-87.

Where a protected liberty interest exists, the Supreme Court has set out the following procedural due process requirements for disciplinary detention of a prisoner: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to

call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).

In the instant case, plaintiff has alleged that after he was attacked by other inmates, defendants Scally and Contreras falsely charged him with fighting. Plaintiff alleges that Scally and Contreras fabricated evidence by picking up a pair of Nike shoes from the floor and claiming they saw blood on the soles of the shoes, thereby implicating plaintiff in a disciplinary violation. Plaintiff alleges that he was not given notice of the time or date of his disciplinary hearing, and that he was not given time to prepare a defense, present evidence, or speak at the hearing. Plaintiff alleges that he was found guilty of the disciplinary charges and received 30 days of disciplinary segregation ("hole time") during which he was locked down 24 hours a day in segregation. Plaintiff alleges that defendants Nevins, Scally, Henson, Contreras, Liverani, and Lathrop violated his due process rights in connection with the prison disciplinary proceedings. Plaintiff states a viable claim for a due process violation in connection with the prison disciplinary proceedings against defendants Nevins, Scally, Henson, Contreras, Liverani, and Lathrop. The claim of a denial of due process regarding the prison disciplinary proceedings will be allowed to proceed.

**b. Administrative Segregation**

Plaintiff alleges that he has been placed in administrative segregation "as a form of punishment" for the past 23 months. Plaintiff alleges that in administrative segregation, he has many more restrictions placed on him than the general prison population. Plaintiff alleges that defendants Endel, Willis, Brooks, Nevins, McDaniel, Scally, Henson, Baca, Drain, Baker, Reed, Liverani, Chambliss, and Lathrop are responsible for his placement and retention in administrative segregation. Plaintiff alleges that defendants have failed to give him periodic reviews of his administrative segregation status.

In *Sandin v. Connor*, 515 U.S. 472, 487 (1995), the Supreme Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. *Id*. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to

1  the ordinary incidents of prison life." *Id*. at 484.  When a prisoner's classification status imposes an
2  atypical and significant hardship on a prisoner, it implicates due process protections.  *Neal v.*
3  *Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).  The Ninth Circuit has ruled that indefinite
4  confinement to administrative segregation gives rise to a due process liberty interest.  *See Keenan v.*
5  *Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *as amended by* 135 F.3d 1318 (9th Cir. 1998); s*ee also*
6  *Jackson v. Carey,* 353 F.3d 750, 755-57 (9th Cir. 2003); *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th
7  Cir. 2003).  Plaintiff states a cognizable due process claim, based his continued confinement in
8  administrative segregation, against defendants Endel, Willis, Brooks, Nevins, McDaniel, Scally,
9  Henson, Baca, Drain, Baker, Reed, Liverani, Chambliss, and Lathrop.  This claim may proceed.

### 2. Access to the Courts

11  Plaintiff asserts a First Amendment denial of access to the courts claim.  A prisoner alleging
12  a violation of his right of access to the courts must have suffered "actual injury."  *Lewis v. Casey*,
13  518 U.S. 343, 349-50 (1996).  The right to access the courts is limited to direct criminal appeals,
14  habeas corpus proceedings, and civil rights actions challenging conditions of confinement.  *Id.* at
15  354-55.  "An inmate cannot establish relevant actual injury simply by establishing that his prison's
16  law library or legal assistance program is sub-par in some theoretical sense."  *Id.* at 351.  Rather, the
17  inmate "must go one step further and demonstrate that the library or legal assistance program
18  hindered his efforts to pursue a legal claim."  *Id.*  The actual-injury requirement mandates that an
19  inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  *Id.*
20  at 353.

21  In the instant case, plaintiff alleges that defendants, including high level State officials,
22  changed policies and laws which have prevented him from pursuing criminal charges against
23  defendants.  The right of access to the courts is limited to direct criminal appeals, habeas corpus
24  proceedings, and civil rights actions challenging conditions of confinement.  *Lewis v. Casey,* 518
25  U.S. at 354-55.  Plaintiff's allegation that he is being prevented from pursuing criminal charges
26  against defendants is legally frivolous, and cannot be cured through amendment.  As such, the denial
27  of access to the courts claim is dismissed with prejudice.

28  ///

### 3. Equal Protection

Plaintiff fails to state a claim against any defendant for a denial of equal protection. Plaintiff has alleged no facts to indicate that defendants acted with discriminatory intent, or treated him differently than some other class of inmates. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *see also Washington v. Davis*, 426 U.S. 229, 239-40 (1976); *Turner v. Safley*, 482 U.S. 78, 84 (1987); *Serrano v. Francis*, 345 F.3d 1071, 1081-82 (9th Cir. 2003); *Johnson v. California*, 207 F.3d 650, 655 (9th Cir. 2000) (per curium). Plaintiff fails to state a claim for an equal protection violation, and amendment would be futile. As such, the equal protection claim is dismissed with prejudice.

### D. Failure to Link Defendants to Violation of Constitutional Rights

Plaintiff has named several high level government officials as defendants, including: Governor Jim Gibbons, Nevada Attorney General Catherine Cortez-Masto, Nevada Secretary of State Ross Miller, Inspector General Patrick Conmay, NDOC Director Howard Skolnik, and NDOC Deputy Director James Cox. Plaintiff alleges that some of these defendants failed to supervise their subordinates. Plaintiff alleges that some of these defendants knew of problems in the prison system but failed to cure those problems by making policy changes. The United States Supreme Court rejected the idea that "knowledge and acquiescence" of subordinates' conduct is enough to hold supervisory officials liable under § 1983. *Ashcroft v. Iqbal*, 129 S.Ct. at 1949. "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* Plaintiff fails to state a cognizable civil rights claim against defendants Gibbons, Cortez-Masto, Miller, Conmay, Skolnik, and Cox. These defendants are dismissed with prejudice.

## III. Conclusion

**IT IS THEREFORE ORDERED** that the Clerk **SHALL FILE** the complaint.

**IT IS FURTHER ORDERED** that the following claims are **DISMISSED WITH PREJUDICE**:

1. In Count I, the claim of deliberate indifference to medical needs.
2. In Count I, the due process claim.
3. In Count II, the due process claim.
4. In Count III, the denial of access to the courts claim.

5.  The equal protection claims in Counts I, II, and III.

**IT IS FURTHER ORDERED** that the following defendants are **DISMISSED WITH PREJUDICE**: Jim Gibbons, Catherine Cortez-Masto, Ross Miller, Patrick Conmay, Howard Skolnik, and James Cox.

**IT IS FURTHER ORDERED** that following claims **MAY PROCEED**:

1.  In Count I, the claim of deliberate indifference to the risk of serious physical harm from attack by other inmates, against defendants Willis, Gerke, Church, Nevins, Gentry, Daniels, Reed, Drain, Thompson, Fierro, Endel, Brooks, McDaniel, Henson, Ashcraft, Garcia, Herdon, Whitmoore, Baca, Oxborrow, and Irvin.

2.  In Count II, the claim of deliberate indifference to medical needs against defendants Obradue, Scally, and Contreras.

3.  In Count III, the due process claim in connection with prison disciplinary proceedings, against defendants Nevins, Scally, Henson, Contreras, Liverani, and Lathrop.

4.  In Count III, the due process claim in connection with plaintiff's continued confinement in administrative segregation, against defendants Endel, Willis, Brooks, Nevins, McDaniel, Scally, Henson, Baca, Drain, Baker, Reed, Liverani, Chambliss, and Lathrop.

**IT IS FURTHER ORDERED** that the Clerk **shall electronically serve a copy of this order, including the attached Intent to Proceed with Mediation Form, along with a copy of plaintiff's complaint, on the Office of the Attorney General of the State of Nevada, attention Pamela Sharp**.  The Attorney General shall advise the Court within **twenty-one (21) days** of the date of entry of this order whether they can accept service of process for the named defendants and the last known address under seal of the defendants for which they cannot accept service.  If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the complaint within **thirty (30) days** of the date of the notice of acceptance of service.

**IT IS FURTHER ORDERED** that if the Attorney General does not accept service of process for any named defendant(s), then plaintiff must file a motion identifying the unserved defendant(s), requesting issuance of summons for the unserved defendant(s), and specifying the full

name(s) and address(es) of the unserved defendant(s).  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days of the date the complaint is filed.

**IT IS FURTHER ORDERED** that the parties **SHALL DETACH, COMPLETE, AND FILE** the attached Intent to Proceed with Mediation Form on or before **thirty (30) days** from the date of entry of this order.

**IT IS FURTHER ORDERED** that henceforth, plaintiff shall serve upon defendants, or, if an appearance has been made by counsel, upon their attorney(s), a copy of every pleading, motion, or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendants or counsel for defendants.  If counsel has entered a notice of appearance, the plaintiff shall direct service to the individual attorney named in the notice of appearance, at the address stated therein.  The Court may disregard any paper received by a district judge or a magistrate judge that has not been filed with the Clerk, and any paper which fails to include a certificate showing proper service.

Dated this 15th  day of December, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

```
_____
Name
_____
Prison Number
_____
Address
_____

_____
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

_____, )   Case No. _____
                    Plaintiff,          )
                                        )
v.                                      )   **NOTICE OF INTENT TO**
                                        )   **PROCEED WITH MEDIATION**
_____       )
                                        )
_____         )
                   Defendants.          )
_____)

This case may be referred to the District of Nevada's early inmate mediation program. The purpose of this notice is to assess the suitability of this case for mediation. Mediation is a process by which the parties meet with an impartial court-appointed mediator in an effort to bring about an expedient resolution that is satisfactory to all parties.

1. Do you wish to proceed to early mediation in this case? \_\_\_\_ Yes \_\_\_\_ No

2. If no, please state the reason(s) you do not wish to proceed with mediation? _____

   _____

   _____

   _____

3. List any and all cases, including the case number, that plaintiff has filed in federal or state court in the last five years and the nature of each case. (Attach additional pages if needed).

   _____

   _____

   _____

4. List any and all cases, including the case number, that are currently pending or any pending grievances concerning issues or claims raised in this case. (Attach additional pages if needed).

   _____

   _____

_____

_____

5.  Are there any other comments you would like to express to the court about whether this case is suitable for mediation. You may include a brief statement as to why you believe this case is suitable for mediation. (Attach additional pages if needed).

_____

_____

_____

_____

**This form shall be filed with the Clerk of the Court on or before thirty (30) days from the date of this order.**

<u>Counsel for defendants</u>: By signing this form you are certifying to the court that you have consulted with a representative of the Nevada Department of Corrections concerning participation in mediation.

Dated this \_\_\_\_ day of _____, 20\_\_\_\_.

_____
Signature

_____
Name of person who prepared or helped prepare this document

Dated this _____ day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE

17