___ FILED        ___ RECEIVED
___ ENTERED      ___ SERVED ON
         COUNSEL/PARTIES OF RECORD

JAN 2 3 2012

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| JEREMY A. CROZIER, | ) | 3:09-cv-00694-ECR-(WGC) |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| | ) | |
| vs. | ) | January 23, 2012 |
| | ) | |
| ADAM ENDEL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

PRESENT:   THE HONORABLE WILLIAM G. COBB, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:   JENNIFER COTTER     REPORTER: NONE APPEARING

COUNSEL FOR PLAINTIFF(S): NONE APPEARING

COUNSEL FOR DEFENDANT(S): NONE APPEARING

**MINUTE ORDER IN CHAMBERS:**

Before the court is Defendants' Motion for Leave to File Exhibits in *Camera* and Under Seal in Support of Defendants' Motion for Summary Judgment. (Doc. # 35.)

Specifically, Defendants seek to file in *camera*, Exhibits G, P, Q, R, and S.[1] Defendants move to file under seal Exhibits D, J, N, O, and AA. (Doc. # 35 at 1.) Defendants assert that Exhibits G, P, Q, R, and S contain information about fellow inmates which potentially could pose a risk to inmate safety should it be viewed by other inmates. (*Id.* at 2.) Defendants assert that Exhibits D, J, N, O and AA contain Plaintiff's case notes, offenses in custody reports, and medical records, and are confidential in nature. (*Id.*)

While Defendants seek to file Exhibits G, P, Q, R, and S in *camera*, and Exhibits D, J, N, O and AA under seal, the court cannot discern any practical difference between the request to file the exhibits in camera or under seal, and the objective of the motion is to keep the exhibits from public view. Therefore, the court construes Defendants' request as one to seal Exhibits D, G, J, N, O, P, Q, R, S, and AA.

---

[1] Defendants' have withdrawn their motion to file Exhibit K in *camera*. (*See* Doc. # 44-46.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id.* Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted).

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, as they are here, must meet the "compelling reasons" standard outlined in *Kamakana*. Thus, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings...outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 n. 6 (9th Cir. 2010) (internal quotation marks and citation omitted). While the decision to grant or deny a motion to seal is within the trial court's discretion, the trial court must articulate its reasoning in deciding a motion to seal. *Pintos*, 605 F.3d at 679.

Exhibit D consists of Plaintiff's case notes. (Doc. # 36-1 (Ex. D).) The court is aware that these types of records contain highly sensitive and confidential information which if disclosed, could undermine the safety and security of the plaintiff inmate, other inmates, correctional staff, and the general public. Accordingly, the request to seal Ex. D is **GRANTED**.

Exhibit G is a housing location history. The court can perceive that this information, if disclosed, could also undermine the safety and security of the plaintiff inmate and other inmates. Accordingly, the request to Seal Ex. G is **GRANTED**.

Exhibit J indicates Plaintiff's offenses in custody, and the court appreciates that if this information were disclosed, it could undermine the safety and security of the plaintiff inmate, other inmates, and correctional staff. Accordingly, the request to Seal Ex. J is **GRANTED**.

Exhibit N consists of a medical incident report. The court recognizes that the need to protect medical privacy has qualified as a "compelling reason," for sealing records, and therefore, satisfies the "good cause" standard for documents filed in connection with a non-dispositive motion. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern*, 2010 WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009). Balancing the need for the public's access to information regarding Plaintiff's medical history, treatment, and condition against the need to maintain the confidentiality of Plaintiff's medical records weighs in favor of sealing Ex. N.

Therefore, Defendants request to seal Exhibit N is **GRANTED**.

Exhibit O contains the documents related to Plaintiff's disciplinary hearing and disciplinary charges. The court perceives, that if this information were disclosed, particularly to other inmates, it could undermine the safety and security of the plaintiff inmate. Accordingly, the request to seal Exhibit O is **GRANTED**.

Exhibit P also contains the documents related to Plaintiff's disciplinary hearing and disciplinary charges. For the reasons set forth with respect to Exhibit O, the request to seal Exhibit P is **GRANTED**.

Exhibit Q is an investigation detail report concerning the assault and batter incident which Plaintiff bases his Complaint on. It contains information about multiple inmates and the detailed investigation conducted regarding the incident. The court perceives that if this information were disclosed, it would undermine the safety and security of the plaintiff inmate, the other inmates involved, as well as correctional staff. Accordingly, the request to seal Exhibit Q is **GRANTED**.

Exhibit R is another case notes printout. For the reasons set forth with respect to Exhibit D, Defendants' request to seal Exhibit R is **GRANTED**.

Exhibit S is a central monitoring status sheet for Plaintiff which indicates Plaintiff's separatees. If this information were disclosed, particularly to other inmates, it would pose a risk of danger to the plaintiff inmate. Accordingly, Defendants' request to seal Exhibit S is **GRANTED**.

Finally, Exhibit AA is the release and waiver of medical treatment, which is part of Plaintiff's confidential medical records. For the reasons set forth with respect to Exhibit N, Defendants' request to seal Exhibit AA is **GRANTED**.

As set forth above, Defendants' motion (Doc. # 35) is **GRANTED**.

**IT IS SO ORDERED.**

LANCE S. WILSON, CLERK

By: __/s/_____
Deputy Clerk